## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TONG XIONG, | Civil No. 10-2557 (JRT/JJK) |
| Petitioner, | |
| | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Tong Xiong, 11294-041  K1, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Gregory Brooker, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

The Court construes Tong Xiong's ("Xiong") pro se motion as an objection from the July 1, 2010 order of United States Magistrate Judge Jeffrey J. Keyes, because 28 U.S.C. § 636(b)(1)(A) addresses review of a magistrate judge's order and Xiong's motion appears to be a request for this Court to review the Magistrate Judge's order dismissing a petition for habeas corpus without prejudice.  (Order, Docket No. 3.)  Because Xiong has raised a claim regarding the conditions of his confinement, instead of the validity or duration of his sentence, the Court denies his motion, adopts the order of the Magistrate Judge, and dismisses his petition for habeas corpus without prejudice.

## BACKGROUND

Xiong is an inmate at the Federal Correctional Institution in Sandstone, Minnesota ("Sandstone").  In his habeas petition, Xiong alleges that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") by arbitrarily and capriciously placing him in administrative detention for fourteen days in December 2009, and terminating him from his UNICOR prison job.  Xiong also claims that BOP's actions violated his constitutional rights to due process, and equal protection as an Asian-American.

The Magistrate Judge denied Xiong's habeas petition, finding it should be brought as a civil-rights action.  (Order, Docket No. 3.)  The Order gave Xiong leave to present his claims for relief in a non-habeas civil complaint.  Instead, Xiong filed this motion for reconsideration asking that the Court set aside the denial of his habeas petition. (Docket No. 4.)

## ANALYSIS

### I.    STANDARD OF REVIEW

To the extent that the Order dismissed the habeas corpus petition without prejudice and recommended dismissal of this action, the Court construes it as a Report and Recommendation. Pursuant to statute, the Court has conducted a *de novo* review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b); *see Shinault v. Roal*, Civ. No. 2010 WL 3926874, at *1 (D. Minn. Oct. 1, 2010).

## II.   OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

The two main avenues for prisoners to seek relief for complaints related to their imprisonment are through a habeas corpus action, or a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Generally, 28 U.S.C. § 2241 grants habeas jurisdiction where a petitioner is in federal custody as a result of a violation of federal laws or the Constitution. A civil rights complaint is the proper remedy for prisoners seeking to challenge the conditions of their confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Xiong argues that his claims can properly be raised and adjudicated in a habeas corpus proceeding because his claims pertain to the "execution" of his sentence. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (federal prisoner "could properly attack the execution of his sentence in a 28 U.S.C. § 2241(a) habeas petition.").

However, the Eighth Circuit has made clear that this Court does not have subject matter jurisdiction over a 28 U.S.C. § 2241 claim that fails to challenge the fact or duration of a prisoner's confinement. *Muhammad*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.") (citation omitted); *Kruger*, 77 F.3d at 1073. Xiong is not seeking an expedited release from prison. Rather, "as far as the Court can tell,

Petitioner is seeking a judgment that would allow him to return to his prior work assignment." (Order, Docket No. 3.) This is clearly a challenge to a condition of confinement, and **not** a challenge to the validity or duration of his sentence.

In an August 2010 order relating to nearly identical facts, and an identical brief, to the present case, Judge Frank rejected a petitioner's assertion that challenging a condition of confinement is challenging the "execution" of a sentence: "If the Court were to accept Petitioner's assertions, there would be no clear line of demarcation between habeas litigation and civil rights litigation. Such an argument also nullifies the Prison Litigation Reform Act." *Disantis v. Fisher*, Civil No. 10-329 (D. Minn. filed Aug. 18, 2010); *see also Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004) ("We, like several other circuits, have held that the PLRA does not apply to habeas petitions . . . ."); *Malave v. Hedrick*, 271 F.3d 1139, 1139-40 (8th Cir. 2001) (PLRA's filing fee provisions inapplicable to habeas actions).

Because Xiong's motion is a verbatim copy of a motion filed by another prisoner-litigant at Sandstone,[1] Xiong's motion includes an argument that a judgment in his favor could affect the duration of his confinement. There are no facts suggesting how the relief Xiong seeks could have any bearing on the duration of his imprisonment, thus the Court will not consider this argument.

In denying Xiong's habeas petition, the Magistrate Judge afforded him an opportunity to restate his claims in a non-habeas civil complaint. (Order, Docket No. 3.)

---

[1] (*See* Motion to Reconsider 28 U.S.C. § 636(B)(1)(A), *Moses v. Fisher*, Civil No. 10-1017, Docket No. 13.)

The order indicated that if Xiong elected to re-plead, he would have to satisfy the filing fee requirements of 28 U.S.C. §§ 1914(a) and 1915(b).  However the Court cautioned that if Xiong failed to plead appropriately, he would be deemed to have abandoned this action pursuant to Fed. R. Civ. P. 41(b).  (*Id.*)  As of this date, Xiong has not filed a new pleading and the original deadline for doing so has expired.

Upon a careful review of the facts and arguments presented in this case, the Court finds that Xiong failed to challenge the fact or duration of his confinement, thus the Court adopts the July 1, 2010 order in all respects, overrules the objection, and dismisses the habeas corpus petition without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that:**

1.      Xiong's Motion to Reconsider 28 U.S.C. § 636(b)(1)(A) [Docket No. 4] is **OVERRULED.**

2.      Magistrate Judge Jeffrey J. Keyes' Order of July 1, 2010 [Docket No. 3] is **ADOPTED**.

3.      Xiong's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED without prejudice**.

4.      Xiong's request to be provided with copies of all unpublished decisions cited in the July 1, 2010 Order [Docket No. 6] is **DENIED as moot.**

DATED:  April 15, 2011                                ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                      United States District Judge